HENRY W. BILLINGS, Plaintiff in Error, *v.* JOHN DETTEN, Defendant in Error.

### ERROR TO MADISON.

The failure of an assessor to make his return within the time designated by law, vitiates the assessment.

Such defects cannot be cured by subsequent legislation, where the taxes have been collected, or where further proceedings were not necessary to secure their collection.

THIS cause was heard by the court, UNDERWOOD, Judge, presiding, at August term, 1853, of the Madison Circuit Court.

H. W. BILLINGS, *pro se.*

W. MARTIN, for defendant in error.

TREAT, C. J. This was an action of ejectment, brought by Billings against Detten, to recover the possession of the west half of the south-east quarter of section thirteen, township six north, range ten west, in Madison county.

It was admitted on the trial, that the plaintiff had title to the premises in question, by a regular chain of conveyances from the patentee; that no taxes were due thereon, and that the defendant was in possession when the suit was commenced.

The defendant read in evidence the record of a judgment of the Madison circuit court, rendered at the October term, 1846, against the premises and other real estate, for the taxes assessed

thereon, for the year 1845; also a precept issued on the judgment; and a sheriff's deed for the premises to the defendant.

The plaintiff then introduced the assessor's books for 1845, and proved by the assessor for that year, that the same were not returned to the county commissioners' court, until the 30th of October, 1845.

On this evidence, the court found the issue for the defendant, and rendered judgment in his favor.

The 21st section of the act of March 3d, 1845, under which the premises were assessed, required the assessor to complete the assessment, and return the same to the clerk of the county commissioners' court, by the first Monday of August; and the 26th section authorized the owners of property assessed to apply to that court, at its September term, but not afterwards, for a reduction of the assessment. A month was given them, in which to inspect the assessor's books, and prepare their objections to the assessment. In this case, they were deprived of this right of appeal altogether, as the assessment was not returned until after the close of the September term. The failure of the assessor to make his return within the time designated, clearly vitiated the assessment. This requirement of the statute was designed for the benefit of the owners of the property assessed. It should be strictly complied with, in order to divest them of title. On this point, the case of Marsh *v.* Chesnut, 14 Illinois, 223, is perfectly conclusive.

But it is insisted, that this defect in the assessment was cured by subsequent legislation. The case of Marsh *v.* Chesnut decides that the assessment was not legalized, by the acts of the 8th of February, 1849, and the 15th of February, 1851. It was there held that those acts applied only to assessments on which further proceedings were necessary to secure the collection of the taxes; and that they had no relation to assessments, where nothing remained to be done under them. The proceedings on this assessment were entirely concluded, long before the passage of either of those acts. The assessment, therefore, derived no aid from their provisions.

The only other statute relied on to support the assessment, is that of the 5th of February, 1849. It reads thus: " That the assessment of property for taxation in the county of Madison, State of Illinois, for the years 1845, 1846, and 1847, be, and the same are hereby legalized, any neglect or inability on the part of the assessor or assessors of said county to make and return the assessment for either or all of said years within the time required by law, to the contrary notwithstanding." This act, in all material respects, is like those already noticed. The only

difference consists in this: that the one relates to a single coun-
ty, and to particular assessments; while the others apply to the
whole State, and to assessments generally. This act must re-
ceive the same construction, that was put upon those acts. The
reasoning in Marsh *v.* Chesnut, in reference to those acts, is
strictly applicable to this act, and need not here be repeated.
The act was not passed to protect the titles of purchasers at tax
sales; but for the purpose of facilitating the collection of the
revenue. It has no application to this case, because the taxes
on the premises were collected prior to its passage.

The judgment of the circuit court will be reversed, and the
cause remanded.

*Judgment reversed.*