## A. W. BULKLEY

*v.*

## ANNE M. DEVINE.

*Filed at Ottawa January 25, 1889.*

1. LEASE—*uncertainty in description of premises—cured by possession.* A lessee, after having executed the lease, having taken possession under the contract and having paid rent under it, can not repudiate the lease merely because it does not definitely describe the demised premises.

2. A leased to B premises in the city of Chicago, etc., "known and described as follows, to-wit, the house known and numbered as No. — Thirty-second street," etc., at a rental of $35 per month, payable in advance, the term to begin January 1, 1885, and end April 30, 1886. B took possession of the house, and occupied the same till April 12, 1886, paying the rent thereof to the lessor until June 1, 1885, and afterward to the assignee of the lessor up to the time he left, except for the month of August, 1885, which he refused to pay, claiming a set-off. On suit by the assignee, the tenant resisted judgment, on the ground that the lease sued on was void for uncertainty in the description of the house leased: *Held,* that the possession of the tenant and use of the property leased had the legal effect of removing all uncertainty as to the property intended to be described.

3. PAROL EVIDENCE — *to identify subject matter of written contract.* Extrinsic proof is always competent to identify the subject matter of a contract, if necessary; and this in no way violates the rule that parol testimony is never admissible to contradict or vary the terms of a written contract. The admissibility of parol evidence, in such case, does not depend upon the distinction between patent and latent ambiguities.

4. ERROR WILL NOT ALWAYS REVERSE — *admission of improper evidence.* A judgment will not be reversed because improper evidence may have been admitted upon the trial, when it is apparent that the result must have been the same had it been excluded.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellant:

The lease was absolutely void for uncertainty. *Dingman* v. *Kelley,* 7 Ind. 717; *Kea* v. *Robeson,* 5 Ired. Eq. 373; *Ingram* v. *Little,* 14 Ga. 182; *Habblewhite* v. *McMorrine,* 6 M. & W. 200; *Jackson* v. *Titus,* 2 Johns. 430; *United States* v. *Nelson,* 2 Broch. 64; *Patterson* v. *Hubbard,* 30 Ill. 201; *Shackleford* v. *Bailey,* 35 id. 387; *Carter* v. *Barnes,* 26 id. 455; *Hughes* v. *Streeter,* 24 id. 648; Taylor on Landlord and Tenant, sec. 160.

Blanks in a sealed instrument can not be filled in, after its delivery, by another person except the grantor himself, under seal. Shep. Touchstone, 54; *Ingram* v. *Little,* 14 Ga. 182; *Simms* v. *Henry,* 19 Iowa, 297; *Jackson* v. *Titus,* 2 Johns. 430.

Parol evidence is not admissible to change, alter, vary, modify or supply the defects in a written lease under seal. *Jackson* v. *Goodyear,* 12 Johns. 488; *Otis* v. *Sill,* 8 Barb. 122; *Hayden* v. *Westcott,* 11 Conn. 129; *Dingman* v. *Kelley,* 7 Ind. 717; *Chapman* v. *McGrew,* 20 Ill. 101; *Loach* v. *Farnum,* 90 id. 368; *Barnett* v. *Barnes,* 73 id. 216.

If a person enters under a void lease, and pays rent, he is a tenant at will. *Denn* v. *Fearnside,* 1 Wils. 176; *Huyser* v. *Chase,* 13 Mich. 98; *Doe* v. *Watts,* 7 T. R. 83; Taylor on Landlord and Tenant, sec. 19.

Messrs. Knickerbocker & Holdom, for the appellee:

Blank spaces left in a contract may be filled up in accordance with the agreement of the parties. *Chicago* v. *Gage*, 95 Ill. 593; *Whittaker* v. *Miller*, 83 id. 385; *Canon* v. *Grigsby*, 116 id. 151; *South Berwick* v. *Huntres*, 53 Me. 89; *Swartz* v. *Ballou*, 47 Iowa, 188; *Van Etta* v. *Evenson*, 28 Wis. 33.

Mr. Justice Wilkin delivered the opinion of the Court:

The facts in this case material to a consideration of the legal questions to be determined, are briefly as follows: On the 19th of December, 1884, appellant, as lessee, and one Murray, as lessor, made a contract, under seal, for the leasing of a dwelling house in Chicago, for a term to begin January 1, 1885, and ending April 30, 1886, at $35 per month, payable monthly, in advance. The premises are described as being in the city of Chicago, etc., "known and described as follows, to-wit: The house known and numbered as No. —— Thirty-second street." Appellant admits that he took possession of the house for the rent of which this suit is brought, and continued to occupy the same until April 12, 1886, paying rent to his lessor, according to the terms of said lease, until June 1, 1885, and from that date to the time he left the premises, to appellee, who then purchased the same and received an assignment of the lease, except for the month of August, 1885; that he refused to pay, claiming a set-off for repairs made on the premises, and hence this suit. It was begun before a justice of the peace on the 10th of said August. The justice of the peace gave judgment in appellee's favor, but only for a nominal sum, and she appealed to the Superior Court, and there recovered the full amount claimed—$35 and costs of suit. The Appellate Court affirmed the judgment of the Superior Court, but granted this further appeal, certifying that questions of law are involved of such importance as that they should be passed upon by this court.

Appellant's entire defense below was founded on the proposition, that the lease sued on was void for uncertainty, because the number of the house was left blank in the description. He submitted fifteen propositions, which he requested the judge trying the case to hold as the law, all based on the theory that no recovery could be had under it,—all of which were refused. Unless the foregoing proposition can be maintained, all other questions raised by appellant must fall with it.

It is somewhat surprising that in the argument little or no importance is attached to the fact that appellant took possession of the house, held the same and paid rent therefor under the lease, the legal effect of which was to remove all uncertainty as to the property intended to be leased, as held in *Princeton et al.* v. *Northern Illinois Railroad Co.* 46 Ill. 297. The proposition is self-evident. On the undisputed facts, the defense is self-refuting. Can he, having executed the contract, taken possession under it, held possession and paid rent under it, both to his lessor and appellee, now repudiate that contract because it does not definitely describe the house? Clearly not.

In this view of the case, the judgment of the Superior Court was the only one which could have been properly entered, and therefore whether the extrinsic parol evidence to aid the lease, or that which was relied upon as showing parol authority to fill the blank number, was properly admitted, is wholly immaterial. A judgment will not be reversed because improper evidence may have been admitted upon the trial, when it is apparent that the result must have been the same had it been excluded.

The parol evidence objected to, and which it is *insisted* was erroneously admitted, was introduced for the purpose of identifying the house intended by the parties when they executed the lease, and was competent for that purpose. Extrinsic proof is always competent to identify the subject matter of a contract, if necessary, and to admit it in no way violates the

rule that parol testimony is never admissible to *contradict* or *vary* the terms of a written contract. 2 Parsons on Contracts, sec. 550.

In *Ogilvie* v. *Fuljamb*, 3 Meriv. 52, it is said: "The subject matter of the agreement is left, indeed, to be ascertained by extrinsic evidence, and for that purpose such proof may be received. The defendant speaks of Mrs. Ogilvie's house, and agrees to give £14,000 for the premises, and parol evidence has always been admitted in such a case, to show what house and to what premises the treaty related."

Numerous other authorities might be cited to the same effect, but there is no exception to the rule. It is recognized and approved by this court in *Colcord* v. *Alexander*, 67 Ill. 581, *Cornwell et al.* v. *Cornwell*, 91 id. 414, *Dougherty* v. *Purdy*, 18 id. 206, and *Clark* v. *Powers*, 45 id. 284.

In the last two cases the uncertainty was held to be a latent ambiguity, but by the same process of reasoning adopted in the *Dougherty case*, the uncertainty here is also a latent ambiguity. The admissibility of parol proof in such case does not, however, depend upon the distinction between patent and latent ambiguities. 2 Parsons on Contracts, 560.

Whether the parol evidence admitted below goes to the extent of proving that the number (55) was inserted in the description by authority of appellant, or whether for that purpose it was competent, is unimportant. It was competent for the purpose, and did tend to make certain the property intended to be leased, and while, as we have said, it was wholly unnecessary to make out the case, it was not error to admit it.

*Judgment affirmed.*