## Miles F. Bixler, trading as Miles F. Bixler Company, Appellant, v. W. S. Brim, Appellee.

1. SALES, § 329*—*when evidence sufficent to show that articles purchased did not correspond with sample and were inferior thereto.* In an action to recover for a lot of jewelry which had been sold to defendant by a salesman of plaintiff, which was set forth in a printed inventory, and where the prospective purchaser was required to take the whole list of articles named in the inventory, if he took any, and the order was forwarded to and accepted by plaintiff, and, upon the jewelry being received by defendant, he opened the package, examined the contents and then repacked and shipped the goods back to plaintiff, who refused to receive them, and defendant produced testimony to show that the jewelry sent to him did not correspond with the samples shown him by the salesman, but was inferior thereto, and the salesman was not called as a witness, the evidence being uncontroverted, except by proof that the salesman was furnished with samples selected indiscriminately from plaintiff's stock, *held* that the jury could not reasonably do otherwise than sustain the claim of defendant.

2. SALES, § 326*—*when parol evidence is admissible to explain written order.* In an action to recover for a lot of jewelry which had been sold to the defendant by a salesman of the plaintiff, where there was a printed contract, and defendant produced testimony that the jewelry sent him did not correspond with the samples shown him by the salesman and was inferior thereto, and plaintiff contended that it was error to admit the testimony as to what occurred when the order was given, as thus a written contract was attempted to be altered by parol, *held* that as the contract in question did not describe the articles purchased with sufficient clearness so that the purchaser could know what he was to receive in the absence of the samples, such evidence was properly admitted as only tending to make the written order clear.

3. EVIDENCE, § 338*—*when extrinsic proof is admissible to identify subject-matter of contract.* Extrinsic proof is always competent to identify the subject-matter of a contract, if necessary, and to admit it, in no way violates the rule that parol testimony is never admissible to contradict or vary the terms of a written contract.

4. COSTS, § 4*—*when discretion of court not abused.* Where in a case before a justice of the peace there was a judgment in favor of the defendant on his set-off for $1.20, and on appeal the judg-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment was again in favor of the defendant but no set-off was allowed, and plaintiff contended that it was therefore error to tax all costs against him, held that such matter was largely discretionary, and, considering the smallness of the set-off, there was no abuse of that discretion.

Appeal from the Circuit Court of Williamson county; the Hon. W. O. POTTER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

R. E. NEUNLIST, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On October 24, 1913, appellee, a merchant engaged in general retail business at Creal Springs, Illinois, gave an order to C. J. Acree, a salesmân of Miles F. Bixler, engaged in the wholesale jewelry business at Cleveland, Ohio, under the name of Miles F. Bixler Company, for an assorted lot of jewelry and a show case. The articles of jewelry were set forth in a printed inventory, which was on the same sheet of paper with and a part of the contract which was also printed. The order called for what is designated by appellant in his brief as "one full department of jewelry and one show case" and the only departure from the printed list was in regard to the show case, which an interlineation in writing indicated was to have a plate glass top. It was signed by appellee and the bill amounted to $200. The method adopted by appellant in making sales seems to have required the prospective purchaser to take the whole list of articles named in the printed inventory if he took any of them. The salesman forwarded the order to appellant who accepted the same October 27, 1913, and on the same day wrote appellee inclosing him a copy thereof. A few days later appellant shipped the jewelry by express

and the show case by freight, as provided for in the contract, and they arrived at Creal Springs in due season. When appellee received the jewelry, which was about November 2, 1913, he opened the package, examined the contents and then repacked the same and shipped the goods back to appellant, who refused to receive them. When the show case, shipped by freight, arrived at its destination, appellee also refused to receive it. Appellee claimed that the goods he contracted for were to correspond with samples shown him by the salesman and that they wholly failed to do so and, in returning them, he wrote to appellant giving that reason for his refusal to accept them. There was some correspondence between the parties and on May 6, 1914, appellant brought suit against appellee before a justice of the peace of Williamson county to recover the contract price.

Appellee filed a set-off for a small amount paid by him for express charges and drayage. The trial before the justice resulted in a judgment in favor of appellee for $1.20, the amount of his set-off. In the Circuit Court, to which the case was appealed, the jury found in favor of appellee, so far as appellant's bill was concerned, but did not allow him his set-off, and judgment was entered against appellant for the costs before the justice of the peace and in the Circuit Court. The order signed by appellee contained this provision: "Salesman has no authority to change or add to these terms, except in writing on original order, which is subject to our acceptance. Not subject to countermand. Delivery to carrier is delivery to purchaser who pays charges. Jewelry shipped by express, show cases by freight." Upon the trial appellee and his brother, who was a salesman in his store, testified that the purchase of the jewelry was made from samples exhibited to them by Mr. Acree, the salesman. In a letter written by appellant to appellee, after the

controversy between them arose, on November 14, 1913, appellant said: "If the goods did not appear entirely satisfactory to you, you had no right to sign the order. The goods were sold you from samples displayed by the salesman. If you did not like their quality, design or pattern that was the time to decide." In another letter written appellee November 8, 1913, appellant said: "The goods shipped you are exactly according to sample. Our salesman's samples are selected from our regular stock and are exactly like our stock in style, design and quality." Appellee and his brother further swore that the jewelry sent appellee failed to correspond with the samples and was inferior thereto. These witnesses went into details in explaining the inferiority of the goods shipped appellee to the samples shown them by the salesman. Mr. Acree, the salesman, was not called as a witness and the testimony of appellee and his brother was uncontroverted, except by proof offered on the part of appellant that his salesman was furnished with samples selected indiscriminately from his stock.

In this state of the proofs the jury could not reasonably do otherwise than sustain the claim of the appellee as to the facts. It is contended, however, by appellant that appellee was bound by his contract and that the testimony of appellee and his brother as to what took place when the order was given was inadmissible. It is true, as claimed by appellee, that in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of a written contract by showing the intentions of the parties or their real agreement to have been different from that expressed in the writing. (*Ellis v. Conrad Seipp Brewing Co.*, 207 Ill. 291.) It is also true that where parties have deliberately put their engagements in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of their engage-

ments, all previous negotiations and agreements with reference to the subject-matter are presumed to have been merged in the written contract, and where the contract is clear and unambiguous, parol evidence is not admissible to explain or determine the construction of the writing. (17 Cyc. 596, and cases cited.) But the parol evidence admitted in this case, showing that the goods sent appellee did not correspond with the samples exhibited by the salesman, did not in the least tend to vary or change the terms of the written order or contract. While the order enumerated the different articles purchased, it did not describe them with such clearness or certainty that the purchaser could know what he was to receive in the absence of the sample shown him by the salesman. For instance, among the articles enumerated in the order were: "Emblem Pins," "Emblem Buttons" and "Emblem Charms." These items of themselves would convey little idea of the exact articles purchased, but the parol proof showed that the salesman exhibited to appellee in that connection samples of certain emblematic pins, buttons and charms worn by members of several secret organizations which have a large membership and that the "Emblems" shipped to appellee did not correspond with the samples and did not include the emblem of any order whatever.

In *Wilson v. Roots*, 119 Ill. 379, our Supreme Court said: "Although it is not competent to contradict or enlarge the terms of a written agreement by parol evidence, it is competent to resort to parol evidence to ascertain the nature and qualities of the subject to which the instrument refers." And in *Bulkley v. Devine*, 127 Ill. 406, the court laid down the rule that: "Extrinsic proof is always competent to identify the subject-matter of a contract, if necessary, and to admit it, in no way violates the rule that parol testimony is never admissible to contradict or vary the terms of a written contract."

We conclude that the trial court did not err in admitting the parol evidence in regard to the samples and that such evidence only tended to make the written order clear. The written order and the parol evidence as to the samples were both necessary to show the real contract between the parties. Under the proofs it appears appellee had a right to rescind the contract and return the goods as he did. It is further contended by appellant that the trial court erred in giving judgment against him for all the costs in that court for the reason that the justice of the peace gave judgment against appellant for appellee's set-off alone, while in the Circuit Court the claim of set-off on the part of appellee was not allowed. This matter was largely in the discretion of the court, and it does not appear to us that, considering the small amount of the set-off, there has been any abuse of that discretion.

The judgment in this case will be affirmed.

*Affirmed.*