(No. 36479.—

WILLIAM A. ALTER, Appellant, *vs.* HENRY MOELLENKAMP *et al.*, Appellees.

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

JEROME BERKSON, and HARVEY M. RAWSON, both of Chicago, for appellant.

WILLIAM C. WINES, MORTIMER & RYAN, and GABRIEL S. BERRAFATO, all of Chicago, for certain appellees, and JOHN F. HOOVER, CHESTER F. MITCHELL, and BERNSTEIN & GANELLEN, all of Chicago, (SOL H. GANELLEN, and GLENN A. McTAVISH, of counsel,) for other appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County, dismissing a suit for specific performance of a contract for the sale of real estate and in the alternative for damages and for relief in damages against third-party subsequent purchasers. A freehold is involved.

The decree below was entered after hearing of a motion to dismiss, without hearing of evidence, so that the procedural steps must be stated. Appellant filed a complaint in chancery praying only for specific performance of a contract dated April 19, 1957, later redated and signed June 5, 1957, by which appellant agreed to purchase and appellees Henry Moellenkamp and Mae Moellenkamp, his wife, agreed to sell at $4000 an acre real estate therein described of 17 acres, with an additional 10 acres, more or less, if the latter were not bound by option of sellers previously given other parties. Appellees Moellenkamp filed a motion to dismiss the original complaint on the ground

that it failed to allege an inadequate remedy at law or facts to warrant specific performance. This motion was denied. Thereafter appellees Moellenkamp filed an answer admitting and denying certain paragraphs of the complaint, denying there was an enforceable contract, and setting up affirmative defenses of misrepresentation as well as that said appellees had later sold and conveyed such property to appellees Golf Road Investments Co., Inc., through a land trust with appellee La Salle National Bank and Trust Co. and were unable to convey to appellant.

After the filing of appellees Moellenkamps' answer, appellant, upon notice and leave, filed an amended complaint and had added as parties defendant Golf Road Investment Co., Inc., La Salle National Bank and others, including the alleged beneficiaries of the land trust and the registrar of titles. The amended complaint in count I alleged the contract and prayed for specific performance, or in the alternative if Moellenkamps were unable to convey, then for damages. In count II, the amended complaint alleged a conspiracy on the part of appellees Moellenkamps, Golf Road Investments Co., Inc., and other appellees to cause the property to be sold and conveyed through the land trust to the benefit of appellees and so as to interfere with appellant's contract rights, and prayed for damages.

Appellees, other than Moellenkamps, filed an answer to the amended complaint. Thereafter, appellees Moellenkamps filed a motion to strike and dismiss the amended complaint on grounds that the relief prayed for varied with the contract and property described in the contract, and that the contract was ambiguous and uncertain so that specific performance should be denied. Appellant filed a reply to the answer on file of the certain other appellees. Appellant also moved for leave to file an amendment and supplement to the amended complaint to reform certain amounts in the contract to conform to a different amount allegedly agreed upon by the parties concerning what will be called "the

release out clause." The court denied leave to file such amendment.

The court below heard the matter and on the motion to dismiss, granted such motion and dismissed the amended complaint with prejudice. A subsequent motion of appellant to vacate this ruling was denied. Thereafter, appellant filed notice of appeal to and transcript and brief in the Appellate Court for the First District. Prior to the filing of any briefs by appellees or to hearing, or opinion of the Appellate Court, on appellant's motion the Appellate Court transferred this cause to this court, a freehold being involved.

It is contended by appellees that the actions by appellant in the Appellate Court, including the arguing of contentions in his brief, which, if sustained, would dispose of the case on nonfreehold issues, is a waiver of appellant's right to review of his claim to a freehold interest by this court. We cannot agree with this contention. Section 86 of the Civil Practice Act provides that where an appeal is wrongly appealed to either the Appellate or Supreme Court it is the duty of such court to transfer the case to the proper court where the case shall proceed as if it had been taken there from the inferior court. (Ill. Rev. Stat. 1959, chap. 110, par. 86.) In *Thomas* v. *Durchslag,* 404 Ill. 581, this court held that prior to the time the Appellate Court has rendered its decision there is no waiver by appellant in such a case. The Appellate Court properly transferred the instant case to this court.

The contract in question was attached as an exhibit to the complaint. From a plain reading of the contract it appears to be neither so vague, uncertain, indefinite or ambiguous as to render it unenforceable either in equity or in law. The description of the property being sold was sufficiently definite as to be located with the use of a surveyor or recorded plats as to parcel one and apparently reference to the written option referred to in the contract would sufficiently locate parcel two. This court held in *Cumberledge*

v. *Brooks,* 235 Ill. 249, at page 254: " 'A deed or other written contract is not void for uncertainty in the description of the land sold or conveyed, if from the words employed the description can be made certain by extrinsic evidence of facts, physical conditions, measurements or monuments referred to in the deed.' *Hayes* v. *O'Brien,* 149 Ill. 403." Further in the same case at page 257: "The admissibility of parol proof does not depend in this case upon the distinction between patent and latent ambiguities. Such evidence does not contradict or vary the terms of the writing. It is received merely for the purpose of identifying the subject matter to which those terms apply, and is always admissible for such purpose. *Bulkley* v. *Devine,* 127 Ill. 406; *Marske* v. *Willard,* 169 id. 276." Under this law and the contract in the instant case, the court could and should have heard evidence as to the description of the subject property.

Likewise, the contract provided a definite price, time and method of closing. There was to be given back a mortgage to secure the certain unpaid balance, payable on or before a definite date. Whether the parties intended that one acre be released from the mortgage upon the payment of the sum of $3500 per acre or $4000 per acre is immaterial to the definiteness of the principal terms of the contract so far as determining whether the amended complaint stated a cause of action. The parties could agree to release the mortgage on whatever consideration they desired. Such terms render the contract neither vague nor ambiguous. This was a matter for determination at the hearing as to the intention of the parties. The trial court should have granted appellant leave to amend his complaint in this respect upon his motion. Had the court then proceeded to hearing, a proper determination of this matter could have been had, dependent upon the evidence produced.

The trial court, having jurisdiction of the parties and subject matter and the contract being one subject to and

susceptible of specific performance, should not have dismissed the suit upon the motion to strike and dismiss. Particularly is this true when the cause was at issue on answer by other parties, appellees other than the Moellenkamps at any rate, even though the trial court found it could not decree specific performance because the property had been conveyed to others, and the court should have tried the case on the alternative prayer for damages. Where a court of equity has taken jurisdiction for one purpose, it acquires it for all purposes and will do full and complete justice between all the parties. *Baker* v. *Salzenstein,* 314 Ill. 226, at p. 234.

In view of the foregoing, the trial court further erred in dismissing the amended complaint as to the parties made additional defendants by it and who also are appellees here. The case was at issue between appellant and such appellees and hearing should be had on such issues.

The decree is therefore reversed and the cause remanded, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*