(No. 44915.— )

JANET WIEBRECHT, Appellant, v. LOUIS SHAPIRO *et al.*, Appellees.

*Opinion filed June 25, 1973.—Rehearing denied Sept. 27, 1973.*

ALLAN L. BLAIR, of Chicago, for appellant.

ORDOWER & ORDOWER, of Chicago, for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

The circuit court of Cook County set aside deeds to certain real property located in Chicago which had been executed by Mrs. Elizabeth M. Farmer in favor of the plaintiff, Janet Wiebrecht, and Hannah Ziman, one of the defendants, and directed that the net proceeds of an award made after the condemnation of the property be paid to Mrs. Farmer. The award, which was for $2838.69, had been made to Hannah Ziman. It was subject to back taxes of approximately $1000. On appeal by the defendants the

judgment was reversed by the appellate court. (2 Ill. App. 3d 89.) We granted the plaintiff's petition for leave to appeal.

Mrs. Farmer, who lives in Maysville, Kentucky, appeared as a party-plaintiff with Janet Wiebrecht, the plaintiff, when the complaint was filed in the circuit court on July 26, 1968, against the defendants Ziman, Louis Shapiro and Sidney R. Olsen, Registrar of Titles of Cook County. It appears that Mrs. Farmer had not authorized the complaint to be filed in her name, though her attorney in Kentucky apparently approved her being named as plaintiff. Pursuant to Mrs. Farmer's request she was dismissed as a plaintiff.

When Mrs. Farmer was dismissed from the suit, the plaintiff filed an amended complaint in which she alleged that on June 22, 1967, Mrs. Farmer had conveyed her interest in described property, which we shall refer to as Lot 40, by quitclaim deed to the plaintiff for $50. On July 5, 1968, the complaint stated, Mrs. Farmer executed and delivered another quitclaim deed in favor of the plaintiff to Lot 40, for an additional consideration of $35, the deed of June 22, 1967, having been lost or mislaid so that it had not been registered in the office of the Registrar of Titles of Cook County.

On July 19, 1968, the complaint continued, Mrs. Farmer, a 64-year-old widow, who was unfamiliar with legal descriptions of real property, executed a quitclaim deed to Lot 40 and a Lot 56 in favor of the defendant Hannah Ziman. (Lot 56 is not concerned in this appeal.) The offer to purchase, the complaint stated, was made by the defendant Shapiro, who, when told by Mrs. Farmer that she had previously executed a deed to Lot 40, assured her that the lot he wished to purchase was not the lot involved in her previous sale.

On July 19, 1968, before the plaintiff registered her second deed, the defendants Ziman and Shapiro, according

to the complaint, registered their deed under the Torrens system.

The complaint charged that the defendants Shapiro and Ziman knew of the prior deed to Lot 40 in favor of the plaintiff and asked that the Ziman deed be set aside. In another count the plaintiff asked $5,000 for actual damages and $25,000 for punitive damages from the defendant Shapiro claiming that his conduct "constituted a fraud upon plaintiff Wiebrecht in an attempt to knowingly and fraudulently deprive her of property which he knew to be hers."

In their answer the defendants Ziman and Shapiro denied having knowledge of Mrs. Farmer's prior deeds in favor of the plaintiff.

The record contains no testimony other than an evidence deposition given by Mrs. Farmer in Kentucky on the motion of the plaintiff after Mrs. Farmer's dismissal from the suit. The attorney for the defendants Shapiro and Ziman was also present at the taking of the deposition.

Mrs. Farmer stated that she had inherited several parcels of real estate in Chicago, but that she was unaware of the nature and extent of what she owned at the time she gave the deeds concerned. She testified that she had given three deeds to the "Chicago" property, *i.e.*, Lot 40. She said that she did not understand the documents she had executed. She testified that the first two deeds, *i.e.*. those to the plaintiff, had been arranged for by mail and by phone.

Less than a month after giving this second deed, she stated, Shapiro phoned and offered to purchase certain real estate of hers in Chicago. She testified that she told Shapiro she had sold Lot 40, and "given a second deed," and tried to discourage him from visiting her. Nevertheless, two days later Shapiro visited her in Maysville. Shapiro assured her, she said, that the property she had previously sold was different from that he was offering to purchase.

At his suggestion, they went to the office of a notary public where she executed a number of documents; she understood that she was giving deeds to property, but she neither read nor understood the documents she signed.

In her deposition, Mrs. Farmer testified that neither Shapiro nor the agent of the plaintiff, who arranged for her giving the deeds in favor of the plaintiff, had informed her of the pendency of condemnation proceedings as to Lot 40.

The circuit court held that the plaintiff was not entitled to have her deed accepted by the defendant Olsen for registration nor to have Olsen issue her an owner's certificate of title. The ground for barring the plaintiff from the relief she sought was that under the Torrens Act the defendant Ziman in taking a deed to land registered under "Mrs. Elizabeth Farmer" was not placed on notice of any unregistered claims or deeds. There had been no fraud committed upon the plaintiff by the defendants Ziman and Shapiro, the court found.

The plaintiff did not appeal from this portion of the judgment of the circuit court. Based on the "equitable principle of unclean hands" the circuit court held further that the deeds by Mrs. Farmer in favor of the defendant Ziman and in favor of the plaintiff must be set aside. Further the court considered: "To do equity this Court must, after allowing to the parties recovery of their costs of this proceeding, not including court reporters or attorney's charges, but consisting only of monies paid to the County Treasurer and to Mrs. Farmer and on account of service of process and filing charges, direct that the balance of the condemnation award remaining in the possession of the County Treasurer, be paid to Mrs. Elizabeth Farmer." The holding was based on the failure of the parties or their agents to inform Mrs. Farmer of the pending condemnation proceedings, which the circuit court considered rendered other representations to Mrs. Farmer misleading and fraudulent.

In reversing the judgment of the circuit court the appellate court noted that Mrs. Farmer had withdrawn from the litigation and it said that the trial court had before it only the controversy between the plaintiff and the defendants as set out in the pleadings. The trial court was limited, the appellate court held, to the prayer of the plaintiff's amended complaint in ordering relief. The cause was remanded to the trial court with directions to reinstate the deeds from Mrs. Farmer to the plaintiff and the defendant Ziman.

The only question raised on this appeal is whether the trial court had been limited to acting on the complaint before it, as the appellate court declared.

The trial court, acting in chancery, held that both parties were guilty of misrepresentations to Mrs. Farmer. The defendants do not challenge that holding but contend that the appellate court was correct in holding that the chancellor's authority to act was limited to the questions presented by the complaint before him. However, the result of the appellate court's holding would be to permit the defendants to enjoy the fruit of what the chancellor found to have been a fraud committed against Mrs. Farmer. That fruit being, of course, a condemnation award entered for the defendant Ziman.

This court in *McLeod v. Lambdin, 22 Ill. 2d 232, 236,* said: "It is axiomatic that where equity has assumed and has jurisdiction for the purpose of granting equitable relief the court may determine all the issues of the case, whether legal or equitable." (See *Alter v. Moellenkamp, 23 Ill. 2d 506.*) The chancellor, upon his findings of misrepresentation by the parties, had authority to set aside the quitclaim deeds executed by Mrs. Farmer. The plaintiff and defendants having been thus divested of any interest, the chancellor's direction that the net amount of the condemnation award be paid to Mrs. Farmer was appropriate and clearly necessary for a final disposition of the matter in controversy.

For the reasons given the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*