118

SHIRLEY R. PEDERSEN, Plaintiff-Appellant, *v.* LLOYD A. PEDERSEN, Defendant-Appellee.

(No. 61285; )

First District (4th Division)—November 12, 1975.

*Rehearing denied December 10, 1975.*

James J. Reagan, of Northbrook, for appellant.

John R. Seib, Sr., of Franklin Park, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Shirley R. Pedersen, filed this action in the Circuit Court of Cook County on November 13, 1973, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 72) to vacate the decree of divorce on the grounds that the property settlement incorporated in the decree of divorce had been procured by coercion and fraud on the part of the defendant, Lloyd A. Pedersen. The court denied the petition, and the plaintiff appeals from that judgment.

The issues presented for review by the plaintiff are whether her remarriage after her divorce estopped her from attacking the decree of divorce, and whether her amended petition to vacate decree of divorce alleges facts sufficient to constitute a cause of action for fraud or coercion.

On June 19, 1973, a decree of divorce was entered which incorporated a property settlement between the plaintiff and defendant. Under that agreement the plaintiff agreed to convey her interest in the marital residence of the defendant, which she did after the entry of the decree.

On November 13, 1973, the plaintiff filed a petition to vacate decree of divorce, stating she had contributed large sums of money toward the acquisition of the marital residence and that she agreed to the property settlement only because of defendant's threat that he would commence an alienation of affections suit against one Theodore Clarke. The plaintiff further alleged that the defendant actually commenced the suit on the 31st day after entry of the decree of divorce, which was the same day she married Theodore Clarke. The plaintiff alleged that fraud and coercion had been perpetrated upon her without the knowledge of her attorney and prayed that the court vacate the decree of divorce and redistribute the marital property in an equitable fashion.

On April 29, 1974, the plaintiff's petition was stricken and she was given time to file an amended petition. She filed the amended petition on May 23, 1974, and at a hearing on July 22, 1974, the trial court denied the relief sought in the petition, stating:

"I didn't proceed on the pleadings at all. I wanted to get the facts here, and it is my judgment, in the light of the facts and circumstances of this case, that no way do you have coercion or fraud in this matter, in this case, or in the property settlement agreement. You may have a lot of irritation, you may have some embarrassment, but there is no basis upon which this Court can set aside the judgment for divorce or the property settlement agreement."

The plaintiff asserts she should not be estopped from attacking the divorce decree because of her remarriage and that her amended petition alleges facts sufficient to constitute a cause of action for fraud or coercion. However, the court stated it did not base its judgment on the pleadings, but on the facts of the case. The record before us contains no transcript of proceedings in which testimony was given; therefore, this court has no basis from which to determine the correctness of the trial court's decision, and it must be presumed that the evidence was sufficient to support the trial court's findings. *Skaggs v. Junis* (1963), 28 Ill.2d 199; *Wiebrecht v. Shapiro* (1971), 2 Ill.App.3d 89, *reversed on other grounds* (1973), 54 Ill.2d 527.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.