JAMES H. BARKLEY

*v.*

THOMAS J. DALE, County Clerk.

*Opinion filed February 21, 1905.*

1. TAXES—*board of review cannot review assessment of credits for a previous year.* When credits have been assessed by the assessor, the tax extended and paid, a board of review in a subsequent year cannot review and increase such assessment under the guise of assessing credits omitted in the previous years.

2. SAME—*under-valuation not of itself evidence of fraud.* The fact that there appear of record in the name of a tax-payer unreleased mortgages to an amount larger than his assessment for credits, does not, of itself, render the assessment so fraudulent as to amount, in law, to no assessment at all, and justify an assessment of the credits as omitted property for each of the years such condition existed.

3. SAME—*board of review has no power to act after returning books.* The provision of section 38 of the Revenue act of 1898 that the board of review shall complete its work on or before the seventh of September, is so far directory that the board may continue its session after that date until it completes the work then pending before it; but after turning over the books to the county clerk, with the necessary affidavit, its jurisdiction to act as a board of review for that year, except in counties of certain population, ceases.

4. SAME—*when assessment of omitted property is void.* An assessment of credits as property omitted in previous years, made by the board of review after it has turned over the books to the county clerk with the affidavit showing that it has completed its work, is void, notwithstanding notice to the tax-payer to appear for examination was given before the books were returned.

5. SAME—*when county tax is void.* A county tax levied by a resolution of the board of supervisors which fails to state separately the amount to be raised for each purpose for which the tax was sought to be levied, is void.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding.

F. K. DUNN, FRANK LINDLEY, and O. M. JONES, for appellant.

J. B. MANN, and SWALLOW & SWALLOW, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Vermilion county by the appellant, against the appellee, to enjoin the appellee, as county clerk of the said county, from extending against the appellant any taxes or penalties upon certain assessments made by the board of review of said county in the year 1903 upon credits claimed to have belonged to the appellant, and which were said to have been omitted by the assessor of the town in said county in which the appellant resided from the assessment of appellant for the years 1883 to 1898, both inclusive. A temporary injunction was granted, and afterwards the bill was amended and an answer and replication were filed, and upon final hearing a decree was entered perpetually enjoining the extension of all taxes upon assessments made for the years 1883 to 1892, both inclusive, and the temporary injunction was dissolved as to the extension of all taxes upon the assessments for the years 1893 to 1898, both inclusive, excepting certain town, road and bridge and school taxes for those years, which were held not to have been lawfully levied.

The decree finds and the evidence shows that the appellant was assessed by the town assessor upon credits in the years 1883 to 1898, both inclusive, and that taxes for each of said years were extended upon said assessments and paid by the appellant, and the contention is made that the board of review in the year 1903 was without authority of law to assess the appellant upon omitted credits for each of those years. We think the position assumed by appellant is sound and must be sustained, under the repeated decisions of this court, if the assessments made for credits against the appellant for the years 1883 to 1898, both inclusive, by the town assessor, were valid assessments. (*Allwood* v. *Cowen,* 111 Ill. 481; *People* v. *Sellars,* 179 id. 170; *Sellars* v. *Barrett,*

185 id. 466; *In re Appeal of Wilmerton,* 206 id. 15.)   The appellant was not a banker, broker or stock jobber, and in the assessment of his credits it was the duty of the assessor to first ascertain the total amount of his credits and to deduct therefrom the total amount of his *bona fide* indebtedness, and to assess him upon the balance remaining as credits for each of the years in which the assessment was made.   The determination of the amount of credits for which the appellant should be assessed each year by the assessor involved the exercise of judgment on the part of the acting assessor, and the law has not conferred upon the board of review the power to correct or revise the judgment and determination of an assessor as to the proper amount at which the credits of a tax-payer shall be assessed, and to assess the same as omitted credits in a year subsequent to the year in which the assessment was made.   A board of review has the right, and it is its duty, at the time and in the manner pointed out by the statute, to revise the assessments made by the town assessors in the year in which assessments are made by said town assessors, and may increase or diminish such assessments; but when credits have been assessed and taxes extended upon the assessment and paid by the tax-payer, a board of review in a subsequent year is powerless to review and increase such assessment upon the theory that the assessment is too low and that the board is engaged in assessing omitted credits.

It is, however, said the assessments for the years 1883 to 1898, both inclusive, (and the court seems to have adopted that view as to the years 1893 to 1898, both inclusive,) were for so low an amount, as compared with the credits owned by the appellant in each of those years, as to make the said assessments fraudulent, and to amount, in law, to no assessment at all, and that by reason of that fact, under the authority of *Sellars* v. *Barrett, supra,* the board of review might assess the appellant upon omitted credits for the years 1883 to 1898, both inclusive, upon the ground that he had not been assessed at all upon credits.   It has been held that

an assessment may be impeached for fraud, and by reason of fraud in making the assessment an assessment may amount to no assessment at all. (*State Board of Equalization* v. *People,* 191 Ill. 528). It is, however, held that an over or under-valuation of property will not, of itself and alone, establish that an assessment was fraudulently made. (*Union Trust Co.* v. *Weber,* 96 Ill. 346; *Keokuk and Hamilton Bridge Co.* v. *People,* 145 id. 596; *Spring Valley Coal Co.* v. *People,* 157 id. 543.) We find no evidence of actual fraud in this record, and are of the opinion fraud cannot be implied from the fact, alone, that there appeared of record in Vermilion county, during each of the years 1883 to 1898, both inclusive, in the name of appellant, unreleased mortgages to an amount larger than his assessment for credits during each of those years. The appellant testified, and he was uncontradicted, that during each of the said years he returned to the assessor the true amount of all his credits, and there is no showing that said mortgages were not actually assessed in those years. If they were assessed, although for too low an amount, the board of review in 1903 had no right to re-assess them on the theory they had been assessed too low, any more than said board would have the right in that year to re-assess the hogs, horses and cattle of appellant, if any, assessed in each of the years from 1883 to 1898, inclusive, on the theory said property had been assessed at too low an amount, and said board could not validate such assessment by returning it as omitted property.

It appears that the board of review in Vermilion county met on July 8, 1903; that it returned to the county clerk the assessment books, with the necessary affidavits attached thereto, showing it had completed its work for the year 1903 on the 28th day of September. Prior to the 28th day of September,—the day on which the board returned the assessment books to the county clerk,—it had notified the appellant to appear on October 7, 1903, before the board for examination as to his property, for the purposes of assess-

ment. The appellant appeared on the 8th day of October, 1903, and on subsequent days was examined by and before the board, and the board did not complete the examination of the appellant and make a report to the county clerk of the amount of omitted credits assessed against the appellant for the years 1883 to 1898, both inclusive, until December 4, 1903, and the contention is made that said board of review, after September 28, was without jurisdiction to make said assessments for omitted credits against the appellant. We think this contention is correct. Section 34 of the act of 1898, by which boards of review were created, provides that such boards shall meet on or before the second Monday of July in each year for the purpose of revising the assessments of property in their county. Paragraph 1 of section 35 of said act defines the duties of said board, and among other things provides the board shall assess all property subject to assessment which shall not have been assessed by the assessors, and under this provision it has been held by this court (*People* v. *Sellars, supra,*) that it is the duty of boards of review to assess omitted property under section 276 of the Revenue act; and by section 38 of the former act it is provided the board of review shall, on or before the 7th day of September, annually, complete its work, and make, or cause to be made, the entries in the assessment books required to make the assessment conform to the changes made therein by the board of review, and shall attach to each of said books an affidavit signed by at least two members of said board, a form of which affidavit is given, and which states that the books returned contain a full and complete list of the real and personal property in said county subject to taxation for said year; and section 40 provides that a failure to complete an assessment in the time provided by law shall not vitiate the assessment; and a proviso to section 38 is to the effect that in counties containing one hundred and twenty-five thousand or more inhabitants, within which class Vermilion county does not fall, the board of

review shall meet from time to time, and whenever necessary, to consider and act upon complaints, and to further revise the assessment of real property as may be just and necessary; and section 43 provides, when the books are completed, for the return of those containing the assessment of personal property to the county clerk, who shall file the same in his office, and that the. assessment so completed by the board of review, and as equalized by the State Board of Equalization, as provided by law, shall be the assessment upon which the taxes for the year shall be extended by the county clerk.

We think, from a consideration of all of said sections, that the provision in section 38 that boards of review shall complete their work on or before the 7th day of September, annually, in view of section 40, is so far directory that the board may continue its sessions until it has completed the work then pending before it, and is prepared to return the assessment books to the county clerk. It is clear, however, when a board of review has completed its work and attached the necessary affidavit to the assessment books and returned said books to the county clerk, that the jurisdiction to act of said board of review for that year, except in counties of one hundred and twenty-five thousand or more inhabitants, which is covered by the proviso to section 38, has ceased, and that an assessment of omitted credits made by the board of review after the assessment books have been returned by the board to the county clerk is void.

It also appears· from this record that the county taxes in Vermilion county for the years 1883 to 1898, both inclusive, were levied by the board of supervisors of said county by a resolution which did not state separately the amount to be raised for each purpose for which the tax was sought to be levied. The failure to state the amount for each purpose for which the tax was to be levied, under the authority of *Chicago, Burlington and Quincy Railroad Co.* v. *People,* (*ante,* p. 458,) and *Cincinnati, Indianapolis and Western Railway*

*Co.* v. *People,* (*ante,* p. 197,) was a fatal defect in the levy of said county tax for each of said years, and the county tax for those years attempted to be levied in said county was void, and said assessment for that reason could not lawfully be made for the purpose of raising a fund with which to pay the county tax in said county for each of said years.

The decree of the circuit court will therefore be reversed in so far as the court refused to enjoin the extension of all taxes upon the assessments for omitted credits against the appellant for the years 1893 to 1898, both inclusive, and in all other particulars it will be affirmed, and the cause will be remanded to the circuit court, with directions to enter a decree enjoining the extension of all taxes upon said assessments for the years 1893 to 1898, both inclusive.

*Reversed in part and remanded, with directions.*