(No. 13020.—Decree affirmed.)

ERNEST LAMBRECHT *et al.* Exrs. Appellants, *vs.* W. F. WIL-
SON, County Collector, Appellee.

*Opinion filed December 17, 1919.*

TAXES—*when assessment for omitted credits will be sustained.*
An assessment by a board of review for credits omitted in previ-
ous years will be sustained notwithstanding the local assessor made
an assessment for credits in such years and the taxes extended
thereon were paid, where such assessments by the assessor were
so grossly out of proportion to the true value of the credits as to
show they were not made in the exercise of honest judgment, but,
in effect, constituted a fraud upon the State and were no assess-
ments at all. (*Warner* v. *Campbell,* 238 Ill. 630, explained.)

APPEAL from the Circuit Court of Marion county; the
Hon. THOMAS M. JETT, Judge, presiding.

NOLEMAN & SMITH, for appellants.

S. N. FINN, State's Attorney, LEO H. JONAS, and EL-
BERT B. VANDERVORT, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Appellants, executors of the last will and testament of
Susan Wehrheim, deceased, filed a bill in the circuit court
of Marion county against appellee, praying an injunction to
restrain appellee, as county collector, from collecting certain
taxes on property of the estate of Susan Wehrheim assessed
by the board of review for omitted credits for previous
years. The bill alleged that the board of review of Marion
county in 1918 assessed against said estate for back taxes,
$64,890 for the year 1917, $64,965 for the year 1916 and
$64,950 for the year 1915. These assessments were made
against credits of Susan Wehrheim which the board of re-
view determined had not been assessed in said years. The
bill further alleged that said Susan Wehrheim, deceased,

had been assessed for those years on all of her personal property, including her credits, and that taxes had been extended on said assessments and had been paid by her, and that the back tax assessment made by the board of review was without authority and illegal and void. Issue was joined on this bill, and after a full hearing on the merits the court entered a decree dismissing the bill for want of equity, and appellants prayed for and have perfected this appeal.

It is agreed between the parties to this litigation that the board of review properly assessed the estate of Susan Wehrheim for the year 1918 at $67,320. The estate consisted largely of credits, set forth in the inventory as "agreements for deeds securing loans." Most of this property came to deceased by the death of her husband. During the twenty years following his death there was a gradual accumulation of property. It was her practice in making loans to require the owner of the real estate to deed her the land on which the loan was made and in turn she gave to the land owner a contract for deed. The total amount of money due on such agreements, as set forth in the inventory of her estate, is $61,720.83. In addition to this there were two trust deeds aggregating $2,000, five notes aggregating $2,194 and certificates of deposit aggregating $875. In addition to this personal property the inventory shows she died seized of eight different tracts of real estate on which no value was placed. The schedule made by Susan Wehrheim for 1917 shows the following items of property and the full value as determined by the assessor: "Notes or mortgages, $1500; credits of other than bank, banker, broker or stock jobber, $150; bonds and stocks, $450; household or office furniture and property, $60; all other personal property required to be listed, $270,"—making a total of $2430. The schedule made in 1916 shows "credits of bank, banker, broker or stock jobber, $90; moneys of other than bank, banker, broker or stock jobber, $450;

bonds and stocks, $1500; household or office furniture, $45; shares of stock of State and national banks, $270,"—making a total of $2,355. The schedule for 1915 shows "moneys of other than bank, banker, broker or stock jobber, $450; bonds and stocks, $1500; household and office furniture and property, $60; shares of stock of State and national banks, $360,"—making a total of $2370. It is contended that a part of the values in these schedules are extended after the wrong item, and that in the schedules for 1915 and 1916 the $450 item should have been placed on the schedule one line lower, and would have then been a valuation of "credits of other than bank, banker, broker or stock jobber."

This court has held that when credits have been assessed and taxes extended upon the assessments and paid by the tax-payer, the board of review in subsequent years has no authority to increase such assessments upon the theory that the assessment was too low or that the board, in assessing, omitted credits. (*Warner* v. *Campbell*, 238 Ill. 630.) In deciding this question it was held that the assessor is required, in determining value of property assessed, to exercise his judgment, and that his acts are in the nature of judicial acts and not subject to review by his successor or by the board of review for errors of judgment. This is undoubtedly true where the values fixed by the assessor are within the range of values which might be fixed by any man exercising honest judgment. Values are necessarily a matter of opinion, and different men with the same honest intention would arrive at different conclusions. Mere mistakes of the assessor or errors of judgment will not invalidate an assessment, but valuations must be the result of honest judgment and not of mere will. *Chicago, Burlington and Quincy Railroad Co.* v. *Cole,* 75 Ill. 591.

An over-valuation or an under-valuation of property will not, of itself and alone, invalidate an assessment, (*Barkley* v. *Dale,* 213 Ill. 614,) but where the valuation is

so grossly out of proportion to the true value as to show that the assessor could not have been honest in his valuation the assessment may be impeached for fraud, and by reason of fraud in making the assessment the assessment amounts to no assessment at all. (*State Board of Equalization* v. *People,* 191 Ill. 528; *People's Gas Light Co.* v. *Stuckart,* 286 id. 164; *Weyerhaueser* v. *Minnesota,* 176 U. S. 550; 20 Sup. Ct. 485.) Where valuations are so low as to amount to no valuation at all, an assessment on such a valuation would amount to a fraud upon the State and it will be regarded as no assessment.

We hold, therefore, that Susan Wehrheim was not assessed on credits for the years 1915, 1916 and 1917, and that the board of review properly assessed the credits which she owned during these years but which were omitted from the assessment for the respective years.

The circuit court properly dismissed the bill for want of equity, and its decree is affirmed.        *Decree affirmed.*