(No. 47849.—

NORTH PIER TERMINAL COMPANY *et al.,* Appellees, v. THOMAS M. TULLY, County Assessor, *et al.,* Appellants.

*Opinion filed January 20, 1976.—Rehearing denied March 25, 1976.*

SCHAEFER, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, and Henry A. Hauser and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellants.

Flanagan and Bilton; Gould and Ratner; and Gordon H. Millner, Ltd., all of Chicago (Dean H. Bilton, James A. Rooney, and Gordon H. Miller, of counsel), for appellees North Pier Terminal Co. *et al.*

Keith F. Bode, Robert C. Keck, Jr., and Robert L. Byman (Jenner & Block, of counsel), for appellee Nabisco, Inc.

MR. JUSTICE RYAN delivered the opinion of the court:

This action was originally brought by plaintiffs as a class action challenging the legality of omitted property assessments and the back taxes levied thereon. The second amended complaint is in two counts. The trial court entered summary judgment in favor of the plaintiffs and against the defendants (the County of Cook and its tax assessment and collection officials) as to count II. No disposition was made of count I. The trial court declared the tax unauthorized in law and void, and permanently enjoined the defendants from assessing, levying or collecting the void taxes from members of the class. The court also continued in effect the preliminary injunction orders previously entered requiring the county collector to

impound any payments of the taxes in a fund and retained jurisdiction for purposes of administering and distributing the fund. The defendants appealed, and the case was transferred to this court pursuant to Rule 302(b) (58 Ill.2d R. 302(b)).

This case was originally filed on behalf of all taxpayers in the County of Cook who were lessees during the years 1969 through 1973 of real property from lessors whose properties were exempt from taxation. These lessees had previously been assessed on their leasehold interests pursuant to amended section 26 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 507). In *Dee-El Garage, Inc. v. Korzen,* 53 Ill.2d 1, this court held amended section 26 unconstitutional and held that the provisions of section 26 as they existed prior to the 1969 amendment remained in effect. Following that decision the assessor made the assessments of omitted property involved in this case under section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 701).

Several other complaints were filed by other lessees of real property from lessors whose properties are exempt from taxation. The original plaintiffs then filed the second amended complaint in two counts. Count I is brought on behalf of the members of the original class and count II is brought on behalf of all taxpayers whose back taxes have been entered in the collector's 1973 warrant books as omitted property. The several cases were consolidated in the trial court with the second amended complaint, and after answers were filed by the defendants, the plaintiffs filed motions for summary judgment which were allowed. As previously noted, no disposition was made of count I of the second amended complaint filed by the original plaintiffs. All of the complaints on which injunction orders were entered present essentially the same questions as does count II on the second amended complaint of the original plaintiffs, and we will consider this appeal as though only count II of the second amended complaint is involved.

Plaintiffs contend and the trial court held that the procedures followed by the assessor in assessing plaintiffs' leasehold interests as omitted property were defective thus rendering the taxes levied void as being unauthorized in law.

Our opinion in *Dee-El Garage* was filed October 2, 1972, and rehearing denied November 29, 1972. Thereafter, the county assessor for Cook County undertook to assess plaintiffs' leasehold interests for the year 1973, and the property was back taxed pursuant to those assessments for the years 1970 through 1973. Prior to April 9, 1974, as required by section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 578), the assessor certified the completion of the assessments. On or about June 8, 1974, the assessor and the board of appeals executed joint affidavits certifying the assessment books in accord with section 125 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 606). At the time of these certifications the assessor had not completed sending notices and holding hearings concerning the assessments of omitted property. The 1973 assessment books at the time they were certified by the assessor and the board of appeals contained no omitted property assessments for plaintiffs' properties. Sometime after June 18, 1974, the assessor had additional sheets containing the omitted property assessments inserted in the assessment books and by affidavits dated December 5, 1974, stated that the additional sheets were inserted in the assessment books at the direction of the county clerk subsequent to the date of the original certifications of the books by the assessor and by the board of appeals.

Section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 578) provides in part as follows:

"When the county assessor has completed such revision and correction and entered the changes and revision in the assessment books, an affidavit shall be appended to each of such assessment books in the form required by law,

signed by the county assessor. *After the signing of such affidavit the county assessor shall have power, when directed by the board of appeals pursuant to Section 113 of this Act, or on his own initiative, to assess properties which may have been omitted from assessments for the current year or during any year or number of years for which such property was liable to be taxed, and for which such tax has not been paid, but only on notice and an opportunity to be heard in the manner and form required by law, and shall enter such assessments upon the assessment books.* The assessor shall have no power to change the assessment or alter the assessment books in any other manner or for any other purpose so as to change or affect the taxes in that year, except as ordered by the board of appeals. The county assessor shall make all changes and corrections ordered by the board of appeals. The county assessor may for the purpose of revision by the board of appeals certify the assessment books for any town or taxing district after or when such books are completed." (Emphasis added.)

Plaintiffs contend that the assessor had no authority under section 97 of the Revenue Act to add assessments of omitted property to the 1973 assessment books after they had been certified by the assessor and the board of appeals. To do so would deprive the taxpayer of his right to have the assessment of his omitted property reviewed by the board of appeals which plaintiffs contend is provided for *all* assessments in section 113 and 117 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, pars. 594, 598). Thus, plaintiffs argue, the tax is void.

The defendants contend that the assessment procedure followed was not violative of statutory provisions and that the tax is valid. Also, defendants argue that this is not a proper case for equitable relief because the assessment is clearly authorized by section 97 of the Revenue Act and that the defects complained of are mere irregularities for which the proper remedy is at law. Because we find this not to be a proper case for equitable relief we need not consider the merits of plaintiffs' contentions.

We have recently held that where a taxpayer has an

adequate remedy at law equity will not assume jurisdiction unless the tax is unauthorized by law or is levied upon exempt property. (*Clarendon Associates v. Korzen,* 56 Ill.2d 101; *La Salle National Bank v. County of Cook,* 57 Ill.2d 318.) The remedy provided by law is the statutory remedy of paying the tax under protest and filing an objection to the application for judgment. (Ill. Rev. Stat. 1973, ch. 120, pars. 675, 716.) The plaintiffs do not argue that the legal remedy is not adequate but contend that the back tax is a tax "unauthorized by law" because of the failure of the assessor to make the assessment before the assessment books were certified to the county clerk. Thus, plaintiffs argue, the tax constitutes one of the two exceptions stated in *Clarendon* for which equitable relief is allowed, regardless of the availability of an adequate remedy at law. We do not agree.

The leasehold interests of the plaintiffs are taxable under section 26 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 507), which remained in force by reason of our decision in *Dee-El Garage.* Although count II of the second amended complaint, which is involved in this appeal, is not limited to a tax upon the assessment of leasehold interests but attacks the assessment of all omitted property, it is not contended that the property assessed is not subject to taxation.

Section 97 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 578), which is partially set forth above, confers upon the county assessor in counties having a population of 1 million or more the authority to make assessments of omitted property at the direction of the board of appeals or on his own initiative. The statute provides that the assessor has the authority to assess omitted property after he has completed his revision of assessments, executed his affidavit and delivered the books to the board of appeals.

Relying on *Barkley v. Dale,* 213 Ill. 614; *C. P. Kimball & Co. v. O'Connell,* 263 Ill. 232, and *People ex rel.*

*Brecheisen v. Board of Review,* 363 Ill. 106, plaintiffs contend that the assessor's authority to assess omitted property terminated when the assessment books were closed and certified to the county clerk. The three cases relied upon by the plaintiffs involve assessments made by assessment officers who under the statute were required to complete their assessments by a specified date. Earlier cases had held that the failure to complete the assessments within the time specified was fatal to the validity of the assessments. (See *Marsh v. Chesnut,* 14 Ill. 223; *Billings v. Detten,* 15 Ill. 218; *Eurigh v. People ex rel. Miller,* 79 Ill. 214.) However, the three cases cited by the plaintiffs hold that because of other sections of the statute which provide that the failure to complete an assessment in the time required by law shall not vitiate the assessment, the date set forth in the statute is directory only. These three cases hold that the assessment officials may continue their work and complete the matters pending before them after the expiration of the statutory date. However, when the work has been completed, the affidavits attached to the assessment books, and the books returned to the county clerk, the authority of these officials to act ceases. In *Barkley* and in *Kimball,* the court held that equitable relief was proper because the assessments were made by a body that had no authority to act. Under the rationale of these cases plaintiffs insist that the assessor involved in the present assessments similarly lacked authority to act.

However, in *People ex rel. Little v. Collins,* 386 Ill. 83, this court, in holding that the State Department of Revenue was a continuing body with continuing duties, distinguished the three cases relied upon by the plaintiffs and stated:

"In reaching the foregoing conclusion we believe no violence is done to such cases as *Barkley v. Dale,* 213 Ill. 614, *Kimball & Co. v. O'Connell,* 263 Ill. 232, and *People ex rel. Brecheisen v. Board of Review,* 363 Ill. 106, cited

and strongly relied upon by petitioners. *The sections of the Revenue Act there involved were different and did contain definite time limitations within which the boards of review could act.*" (Emphasis added.) 386 Ill. 83, 102.

There is also no provision in the statute with which we are concerned that requires the assessor to complete his assessments by a specified date. Although section 125 of the Revenue Act provides that the final date of adjournment of the board of appeals shall be 60 days after the date of the last delivery to it of the assessment books for any township or taxing district, the legislature has not seen fit to specify a period of time within which the assessor must perform his duties. We will therefore not extend the holding of *Barkley, Kimball* and *Brecheisen* to limit the power conferred upon the assessor by statute in counties of a population in excess of 1 million.

We emphasize, however, that we are discussing only the *power* of the assessor to function. We are not deciding the validity of the tax as levied on the assessments in question. The defects of which the plaintiffs complain are essentially procedural irregularities in the assessment process which, while they may have a bearing on the question of the validity of the taxes levied, do not establish the lack of authority of the assessor to act. Thus, as noted in the cases cited below, the taxes are not "unauthorized by law."

This court has long held that if "officers authorized to make the assessment make it, then mere irregularities in the proceedings under which it was made cannot give a court of chancery jurisdiction to restrain its collection." *Gray v. Board of School Inspectors,* 231 Ill. 63, 74. See also *Chicago, Burlington & Quincy R.R. Co. v. Frary,* 22 Ill. 34; *Reynolds v. Milk Grove Special Drainage District,* 134 Ill. 268; *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245; *Goodyear Tire & Rubber Co. v. Tierney,* 411 Ill. 421.

We conclude that the taxes involved in this case are

not "unauthorized by law" and that a basis for equitable relief as defined in *Clarendon* is not present. Plaintiffs had an adequate remedy at law by way of paying the taxes under protest and filing objections to the application for judgment. The trial court therefore erred in granting equitable relief. In view of this holding it is unnecessary for us to pass on the other issues raised which bear only upon the validity of the taxes levied against the questioned assessments.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded for the disposition of other counts in the complaints in these cases that were not involved in this appeal.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.