INOLEX CORPORATION, Plaintiff-Appellee, *v.* EDWARD J. ROSEWELL, County Treasurer, *et al.*, Defendants—(EDWARD J. ROSEWELL, County Treasurer, *et al.*, Appellants.)

First District (1st Division) No. 63236

Opinion filed June 27, 1977.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellants.

Arvey, Hodes, Costello & Burman (Herman Smith and Donald I. Resnick, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This action was brought by plaintiff, Inolex Corporation, against defendants, the County of Cook, its tax officials, and Northwestern University, to enjoin the tax officials from collecting certain real estate taxes billed in 1974. These taxes consisted of a then-current tax for 1973 and back taxes for 1970, 1971 and 1972. The trial court entered summary judgment for plaintiff and against defendants, declared the back taxes unauthorized by law, and permanently enjoined the county defendants from attempting to collect that particular tax. The county defendants appeal from this order.

Plaintiff leases certain improved real property in Cook County, Illinois, from Northwestern University, the fee simple owner. Pursuant to its charter with the State of Illinois, all of Northwestern's property has been exempt from taxation "for any and all purposes" since 1855.

As lessee, plaintiff has not been required to pay and has not paid any real estate or other type of property tax to Cook County. Under the terms

of its lease, plaintiff has paid additional rent to Northwestern in lieu of real estate taxes for every year since 1957, the year it first leased the subject property.

In August 1974, plaintiff received a 1973 general real estate tax bill from the Cook County collector, seeking payment of a real estate tax of $28,308.69 with respect to the subject property. In November 1974, plaintiff received a 1970 general real estate back-tax bill for $20,274.29, a 1971 general real estate back-tax bill for $22,559.57 and a 1972 general real estate back-tax bill for $28,568.75 from the Cook County collector. The defendant collector sought to assess and collect the back taxes for 1970, 1971 and 1972 on the basis that the subject property was "omitted" property under the provisions of the Revenue Act of 1939. This act sanctioned the taxation of such property and set forth a procedure for the collection of these revenues. Ill. Rev. Stat. 1973, ch. 120, pars. 602, 701 through 703.

Plaintiff's original complaint was filed on December 6, 1974. On August 25, 1975, plaintiff filed an amended complaint for injunction and other relief. The amended complaint has four counts. Counts I and II name the county defendants and pertain to back taxes for tax years 1970 through 1972. Counts I and II request the court to permanently enjoin the county defendants from collecting back taxes based on omitted property assessments entered in the 1973 assessment books for tax years 1970 through 1972. Count III of the amended complaint pertains only to the 1973 real estate tax. Count IV of the amended complaint pertains to Northwestern University, but the issue raised by this appeal does not affect that party.

On September 5, 1975, the county defendants filed a motion to strike and dismiss count II of the amended complaint. On September 17, 1975, plaintiff filed a motion for summary judgment upon count II of the amended complaint. On October 2, 1975, in a hearing on these motions, the trial court denied defendants' motion to strike and dismiss. Defendants then filed their answer to the amended complaint instanter and moved the court to grant them summary judgment. This motion also was denied. The trial court then granted plaintiff's motion for summary judgment on count II and entered its injunction order, in which it found that plaintiff had no adequate remedy at law and therefore it had equitable jurisdiction over the subject matter.

Count II of the amended complaint challenges the legality of the 1970-1972 back taxes upon two grounds:

> First, the subject back taxes are void because they were levied without notice and an opportunity to be heard, contrary not only to the requirements of sections 97 and 221 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 578 and 702), but also contrary to

the requirements of section 121 of the Revenue Act 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 602). Therefore, plaintiff was deprived of due process and equal protection of the laws.

Second, the subject back taxes are void because they were added by the assessor to the 1973 assessment books after the assessor and the board of tax appeals had, as required by law, jointly certified the assessment books, which did not then include the subject back taxes against plaintiff.

Plaintiff's motion for summary judgment and the affidavits supporting that motion concerned only the second charge of count II, namely, that the back taxes are void because their addition to the 1973 assessment books improperly occurred after the joint certification of those books by the assessor and the board of tax appeals.

In a recent decision (*North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 343 N.E.2d 507), the Illinois Supreme Court held that an allegation that back taxes had been improperly added to the record books did not constitute a basis for equitable relief and therefore the trial court lacked equitable jurisdiction. The court held that those taxes were not "unauthorized by law" (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299) and that plaintiff had an adequate remedy at law by way of paying the taxes under protest and filing objections to the application for judgment (62 Ill. 2d 540, 549).

Defendants contend that *North Pier* disposes of the issue raised by this appeal and argue that the trial court was without jurisdiction to enter an injunction in the instant case. Plaintiff contends that the trial court had equitable jurisdiction of the matter by virtue of the allegation in count II that it received no notice that a back-tax assessment would be made and that under the circumstances notice was required by sections 97, 121 and 221 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 578, 602, 702).

■■ The failure to give proper notice of a tax assessment when one is required is a recognized basis for equitable jurisdiction. (*In re Application of County Treasurer* (1976), 42 Ill. App. 3d 895, 356 N.E.2d 844; *Exchange National Bank v. Cullerton* (1974), 20 Ill. App. 3d 370, 314 N.E.2d 271.) The issue presented, therefore, is whether a court of equity has jurisdiction to grant equitable relief upon a legal ground where an equitable basis for relief has been pleaded in the same count of the complaint. In *McLeod v. Lambdin* (1961), 22 Ill. 2d 232, 236, 174 N.E.2d 869, the Illinois Supreme Court stated:

> "It is axiomatic that where equity has assumed and has jurisdiction for the purpose of granting equitable relief the court may determine all the issues of the case, whether legal or equitable."

(See also *Wiebrecht v. Shapiro* (1973), 54 Ill. 2d 527, 531, 301 N.E.2d 293;

*County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 344 N.E.2d 540, *appeal denied* (1976), 63 Ill. 2d 555; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 361 N.E.2d 6.) We find this language controlling in the instant case and hold that the trial court had jurisdiction to consider and rule upon plaintiff's motion for summary judgment. To hold otherwise would only promote multiple lawsuits, since plaintiff would be required to file a complaint at law, as well as a complaint in equity. Courts of equity dispose of cases so as to end litigation, not to foster it; to diminish suits, not to multiply them. (*Loss v. Loss* (1967), 80 Ill. App. 2d 376, 224 N.E.2d 271.) The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and BUA, JJ., concur.