(No. 49842

INOLEX CORPORATION, Appellee, v. EDWARD J. ROSEWELL, County Treasurer, *et al.,* Appellants.

*Opinion filed May 16, 1978.—Rehearing denied*
*September 29, 1978.*

KLUCZYNSKI, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney, and Henry A. Hauser and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellants.

Herman Smith and Donald I. Resnick, of Arvey, Hodes, Costello & Burman, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Edward J. Rosewell, county treasurer and *ex officio* county collector, Thomas M. Tully, county assessor, Stanley T. Kusper, county clerk, and Harry H. Semrow and Seymour Zaban, commissioners of the board of appeals of Cook County, appealed from the injunction order entered by the circuit court of Cook County upon allowance of the motion of plaintiff, Inolex Corporation, for summary judgment on count II of its amended complaint. The appellate court affirmed (50 Ill. App. 3d 600), and we allowed defendants' petition for leave to appeal.

The pleadings are adequately described in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues. It was alleged in

the amended complaint that plaintiff leases a parcel of land owned by Northwestern University; that in November 1974 it received from the defendant county collector real estate back-tax bills for the years 1970, 1971 and 1972, purportedly assessed pursuant to section 26 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 507); that the "attempted valuations and assessments to plaintiff" of the taxes were void for failure to comply with sections 97, 104 and 221 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 578, 585, 702); and that no notice was given plaintiff as required by the provisions of sections 97, 121 or 221 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, pars. 578, 602, 702).

Plaintiff and defendants filed motions for summary judgment. The circuit court denied defendants' motion, allowed plaintiff's motion, and entered an order which provides that defendants "are hereby permanently enjoined from assessing, levying or collecting the said void back taxes from the plaintiff." It also provided that "Nothing in this order shall be deemed to adjudicate the right of the assessor to levy a lawful back tax for all the years involved in this litigation for the properties involved herein."

The injunction order was entered by the circuit court prior to our decision in *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540. The appellate court, although recognizing that *North Pier Terminal Co.* was dispositive of plaintiff's contentions concerning defendants' failure to comply with sections 97 and 125 of the Revenue Act, held that the failure to give proper notice of the assessments in violation of sections 97, 121 and 221 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 578, 602, 702) was "a recognized basis for equitable jurisdiction" (50 Ill. App. 3d 600, 602) and that the circuit court did not err in ordering the injunction.

Defendants contend that plaintiff's failure to include in its motion for summary judgment the alleged failure of the defendant assessor to give the statutory notice waived the point. Plaintiff asserts that defendants did not brief and argue the question of the alleged waiver before the appellate court and may not, therefore, raise the question in this court. The proper adjudication of the issue presented in this appeal requires our consideration of the effect of the alleged failure to give notice, and we do not therefore further consider or discuss the question of waiver. *Hux v. Raben* (1967), 38 Ill. 2d 223.

Defendants contend that the injunction order must be reversed for the reason that the opinion in *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, "is squarely on all fours with the case at bar." Plaintiff contends that "statutorily required notice and opportunity to be heard are 'jurisdictional,' and that a tax without such notice or opportunity for hearing is 'unauthorized by law.' " Although our opinion in *North Pier Terminal Co.* is controlling with respect to the issues concerning the addition of the assessment of the omitted property to the assessment books following their certification by the assessor and the board of appeals, there remains the question whether the alleged failure to give notice of the assessment was a sufficient basis for granting equitable relief.

Section 314 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 795) in pertinent part provides:

> "A failure to give any notice required by this Act shall not impair or affect the validity of any assessment as finally made."

The rule here applicable is that the collection of taxes will be enjoined only where the tax is either unauthorized by law or levied upon exempt property. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318; *Clarendon*

*Associates v. Korzen* (1973), 56 Ill. 2d 101.) We have considered the authorities cited by plaintiff and find apposite here the following language from *North Pier Terminal:*

"We emphasize, however, that we are discussing only the *power* of the assessor to function. We are not deciding the validity of the tax as levied on the assessments in question. The defects of which the plaintiffs complain are essentially procedural irregularities in the assessment process which, while they may have a bearing on the question of the validity of the taxes levied, do not establish the lack of authority of the assessor to act. Thus, as noted in the cases cited below, the taxes are not 'unauthorized by law.'

This court has long held that if 'officers authorized to make the assessment make it, then mere irregularities in the proceedings under which it was made cannot give a court of chancery jurisdiction to restrain its collection.' *Gray v. Board of School Inspectors,* 231 Ill. 63, 74. See also *Chicago, Burlington & Quincy R.R. Co. v. Frary,* 22 Ill. 34; *Reynolds v. Milk Grove Special Drainage District,* 134 Ill. 268; *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245; *Goodyear Tire & Rubber Co. v. Tierney,* 411 Ill. 421.

We conclude that the taxes involved in this case are not 'unauthorized by law' and that a basis for equitable relief as defined in *Clarendon* is not present. Plaintiffs had an adequate remedy at law by way of paying the taxes under protest and filing objections to the application for judgment. The trial court therefore erred in granting equitable relief." 62 Ill. 2d 540, 548-49.

For the reasons stated, the judgments of the appellate and circuit courts are reversed and the cause is remanded

to the circuit court of Cook County with directions to dismiss count II of plaintiff's amended complaint, and for further proceedings under count I.

*Judgments reversed; cause remanded, with directions.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.