W. F. SMITH AND COMPANY, Plaintiff-Appellant, *v.* EDWARD J. ROSEWELL, County Treasurer and ex-officio County Collector of Cook County, Defendant-Appellee.

First District (3rd Division)   No. 82—2436

Opinion filed May 10, 1984.

Richard L. Hoffman and Paul Gender, both of Skokie, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Robert S. Vihon, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, W. F. Smith and Company, appeals from orders of the circuit court of Cook County which dismissed its complaint against defendant, Edward J. Rosewell, county treasurer and ex-officio county collector of Cook County, Illinois, and which denied its motion to vacate the dismissal. The issues presented are: (1) whether the circuit court had equitable jurisdiction to grant the relief sought in the complaint; and (2) whether the cause of action asserted in the complaint constituted an improper collateral attack on other judgments and was barred by the doctrine of *res judicata.*

On March 30, 1982, plaintiff, individually and on behalf of all Cook County taxpayers similarly situated, filed its "Complaint in Chancery Class Action." In count I of the complaint, plaintiff alleges that it is the owner or agent of the owner and the assessee of three parcels of real estate located in Cook County, Illinois, and that the parcels are identified by the following permanent real estate index numbers:

parcel a: 20—16—309—014—0000 (volume 422)
parcel b: 20—21—108—001—0000 (volume 501)
parcel c: 20—27—403—006—0000 (volume 267)

Plaintiff further alleges: that on or about March 17, 1982, it applied to defendant for general real estate tax bills for 1980 on parcels a and c and for a special assessment bill "for warrant 58204, installment 14" for parcel b; that these bills included a charge of $10 attributed to costs; that each charge attributed to costs was without any statutory or other legal authority; that, in the alternative, each charge attributed to costs was in excess of the amount which can be lawfully charged under statutory or other legal authority; that on or about April 1, 1982,[1] plaintiff paid the bills, including the amounts charged

---

[1]Neither party addresses the fact that this date is after the date on which the complaint was filed.

as costs; that the payments were accompanied by a written reservation of all rights to seek refunds of the amounts charged as costs; and that defendant has been unjustly enriched by the collection of the amounts charged as costs. In the prayer for relief of count I, plaintiff requests a judgment against defendant in the amount of $30, plus costs of suit. Count II contains allegations relevant to the issue of whether this action may be maintained as a class action, and it is not involved in this appeal.

Subsequently, defendant filed a motion to dismiss the amended complaint. Several exhibits were attached to the motion, and they disclose the following facts. On February 22, 1982, defendant filed his "Application for Judgment and Order of Sale," seeking judgment and order of sale against lands and lots upon which the taxes remained due and unpaid for the year 1980 and prior years, as described in the delinquency list submitted with the application. On the same date, the circuit court entered an order which stated:

> "IT IS FURTHER ORDERED that all persons interested in said lands and lots and desiring to make objections to judgment and order of sale against the same, shall file their written objections together with two copies thereof, in this Court, on or before March 5, 1982 at the hour of 10:00 o'clock A.M.; provided that, except where the real estate is not subject to taxation said written objections shall be accompanied by the official original or duplicate tax collector's receipt as provided by Sections 194 and 235 of the Revenue Act of 1939, as amended; or, if it should be impossible to secure the receipts, then in lieu thereof, the objections shall be accompanied by an affidavit of the tax objector or his attorney stating that 100 percent of all taxes to which objections are made have been paid under protest as provided by statute."

On March 5, 1982, Judge Joseph Schneider of the circuit court entered a "Judgment and Order of Sale" against lands and lots upon which the general real estate taxes remained due and unpaid for the year 1980. The judgment order stated: (1) "no sufficient defense has been made, or cause shown why judgment should not be entered against said lands and lots for taxes, interest, penalties and costs due and unpaid thereon for the year or years in said delinquent list set forth"; (2) "judgment *** is *** entered against the aforesaid tract, or tracts, or lot, or lots of land, or parts of tracts or lots ***, in favor of the PEOPLE OF THE STATE OF ILLINOIS, for the sum annexed to each, being the amount of taxes, interest, penalties, and costs due severally thereon"; and (3) "said several tracts or lots of land, or so

much of each of them, as shall be sufficient to satisfy said judgment and statutory interest thereon, [shall] be sold as the law directs, if said judgment and interest thereon are not paid prior to the time of said sale." Since the general real estate taxes for 1980 on parcels a and c had not been paid as of March 5, 1980, this judgment order was applicable to those parcels.

Two other exhibits were attached to the motion to dismiss. The first is an order of the circuit court entered on April 15, 1981, concerning the application for judgment and order of sale against all the lands and lots upon which the special assessment taxes remain due and unpaid for the year 1980, and the second is a "Judgment and Order of Sale" entered on May 1, 1981, against the lands and lots for which the special assessment taxes remain due and unpaid for the year 1980. These exhibits, however, are not pertinent to parcel b or to this case. Defendant does not contest plaintiff's assertions that parcel b involves a special assessment installment returned delinquent in 1981 and that at the time of the payment of the amount charged as costs on parcel b, no judgment had been entered with respect to that parcel.

On June 16, 1982, Judge George Schaller of the circuit court entered an order dismissing the complaint with prejudice. At a hearing on that date, Judge Schaller stated that the general real estate tax bills and assessment bill involved were for 1980, that there is statutory authority to award costs, and that the complaint constituted "nothing more than a collateral attack on [the judgment orders referred to above]." He also stated that plaintiff "should have paid under protest." As noted, however, the parties to this appeal agree that at the time the bills were paid, no judgment order had been entered with respect to parcel b.

Plaintiff's case is premised on his contention that Illinois statutes only authorize a total charge of 44 cents for costs, and that there are no statutes authorizing a charge of 10 dollars for costs. Plaintiff refers us to section 2 of "An Act concerning fees and salaries, and to classify the several counties of this state with reference thereto" (Ill. Rev. Stat. 1981, ch. 53, par. 40) and section 3 of "An Act to provide for the fees of the sheriff, recorder of deeds and county clerk in counties of the third class" (Ill. Rev. Stat. 1981, ch. 53, par. 73). Section 22, in relevant part, provides:

> "For printer for advertising delinquent lists ***; for town lots ***; in counties of the third class, 40¢ per column line, to be taxed and collected as costs."

According to plaintiff, this provision authorizes defendant to collect

40 cents per lot.[2] Section 3, in relevant part, provides:

"The fees of the county clerk in counties of the third class are:

* * *

The following fees shall be allowed for services in matters of taxes and assessments, and shall be charged as costs against the delinquent property, and collected with the taxes thereon:

For entering judgment, 4¢ for each tract or lot."

According to plaintiff, this provision authorizes defendant to collect four cents per lot.

Plaintiff's argument concerns what amounts may be charged as costs. In *People v. Anderson* (1942), 380 Ill. 158, 169, 43 N.E.2d 997, our supreme court stated: "Costs are purely statutory, and their allowance depends entirely upon the terms of the statute authorizing them." Relying upon *Anderson* and the two statutes, plaintiff argues:

"Beyond the above two charges, totaling 44¢ per lot, *** there are no statutes authorizing costs. The collector's charge of $10.00 instead of 44¢ attributed to costs is quintessentially capricious and arbitrary. *** It results in the unjust enrichment of the Collector at the expense of the taxpayer in the amount of $9.56 per item."

Defendant does not refer us to any other statutes authorizing additional amounts as costs. Rather, he argues that the circuit court properly dismissed the complaint because it lacked jurisdiction to grant equitable relief, and in the alternative, because the complaint constituted an improper collateral attack on previously rendered judgments and was barred by the doctrine of *res judicata.*

■ We first address the issue of equitable jurisdiction. The law is well settled that equity will assume jurisdiction in cases involving real estate taxes where the tax is unauthorized by law or where the tax is levied on exempt property. In all other situations equity will assume jurisdiction only when no legal remedy is available. *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 392, 444 N.E.2d 126, *cert. denied* (1983), 464 U.S. 70, 78 L. Ed. 2d 70, 104 S. Ct. 50; *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 545-46, 343 N.E.2d 507; *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 89, 322 N.E.2d 833; *Clarendon Associates v. Korzen*

---

[2]We note the language in the statute concerning "per column line" and observe that copies of the relevant parts of the delinquent lists have not been included in the record on appeal. Thus, more than 40 cents is authorized by section 22, if the advertisement for a particular lot uses more than one column line.

(1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299.

Plaintiff argues that an independent ground for equitable jurisdiction exists in this case because $9.56 of the charges attributed to costs constituted a tax unauthorized by law. Section 1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 482) defines "tax" as "[a]ny tax, special assessments or costs, interest or penalty imposed upon property." Thus, assuming that the costs herein were unauthorized by law, they would constitute a tax unauthorized by law.

Defendant replies that the complaint does not adequately plead that the $10 charge for costs constituted a tax unauthorized by law because the allegations of the complaint do not establish that the collector lacked power or authority to charge costs. Defendant's position is that the allegations that the charges for costs were excessive raised "mere procedural irregularities" which did not establish the lack of power or authority of defendant to impose the charges, and he, therefore, argues that the allegations do not constitute a basis for equitable relief. Statutes and case law are cited in support of this argument. First, defendant observes that sections 233 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 714, 716) recognize defendant's authority to charge costs. Neither statute, however, addresses the question of the amount of the costs. Secondly, defendant relies on *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 202, 380 N.E.2d 775, and *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 548-49, 343 N.E.2d 507, and the rule stated therein that essentially procedural irregularities in the assessment process do not establish the lack of authority of the assessor to act and therefore do not constitute a basis for equitable relief. Neither of these cases, however, addressed the question of costs. As stated earlier, costs are purely statutory and their allowance depends entirely upon the terms of the statute authorizing them. We are of the opinion that where a charge for costs imposed by defendant exceeds the amount of costs authorized by statute, the excess costs charged by defendant are within the definition of a tax unauthorized by law. Defendant lacks power and authority to impose charges for costs in excess of the amount of costs authorized by statute.

■ Furthermore, we would hold that equity should assume jurisdiction because no adequate remedy at law is available to plaintiff. Defendant contends, at least with respect to parcels a and c, that plaintiff had an adequate legal remedy of appearing before Judge Schneider in the circuit court and raising any defense to the charges for costs. This argument is premised on section 235 of the Revenue Act of 1959 (Ill. Rev. Stat. 1981, ch. 120, par. 716), which provides:

"The court shall examine the list, and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of the lands or lots, to the entry of judgment against them, the court shall hear and determine the matter ***: Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act; ***."

At times relevant to this appeal, section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 675) provided:

"If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall pay the tax installments as they become due, and each installment payment shall be accompanied by a writing [indicating payment under protest] ***."[3]

When section 235 and this version of section 194 are read together, it is clear that these sections do not provide plaintiff with an adequate remedy to contest the validity of costs. Section 235 does not permit a person to offer any defense, unless the writing specifying the particular cause of objection is accompanied by an original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194. Section 194 set forth two conditions precedent for the filing of a defense to the collector's application for judgment. They were: (1) payment of the tax installments as they become due, and (2) filing a written protest. Unless these two conditions precedent are met, a taxpayer was not entitled even to file his defense to the collector's application for judgment. The costs here challenged were not charged against parcels a, b and c until after the time for filing a written protest had expired. Thus, the taxpayer had only two options:

---

[3]This part of section 194 was amended by Public Act 83—279, effective September 11, 1983. (1983 Ill. Laws 2021.) Section 194 now provides:

"If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall pay, *prior to the collector's filing of his annual application for judgment and order of sale of delinquent lots and lands, all of* the tax due, and each payment shall be accompanied by a writing [indicating payment under protest] ***."

This statute may eliminate the problem confronted by the plaintiff in the instant case.

(a) a timely payment of the taxes in full, so that there would be no costs to protest, or (b) pay the taxes after they became due at which time there would be a charge for costs which could not be protested. Thus, in this case where there was a judgment for taxes plus costs, the taxpayer had no opportunity to contest the validity of costs charged. We are of the opinion that equity should assume jurisdiction over plaintiff's complaint, because plaintiff had no adequate remedy at law in which it could raise the question of the validity of the costs charged. See *People ex rel. Haas v. Ackermann* (1982), 110 Ill. App. 3d 789, 442 N.E.2d 1388.

■ Defendant argues that we should, nevertheless, affirm the circuit court's orders granting defendant's motion to dismiss and denying plaintiff's motion to vacate, because the complaint constituted an improper collateral attack on the judgment of March 5, 1982. We note initially that this judgment only related to parcels a and c. Defendant's argument is premised upon the general rule that a judgment rendered by a court having jurisdiction of the parties and the subject matter is not subject to attack in a collateral proceeding, unless the judgment is absolutely void. (See *Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 866, 384 N.E.2d 971.) We, however, do not perceive plaintiff's complaint as an improper collateral attack on the judgment of March 5, 1982. The question of the validity of the costs charged to the parcels of real estate was not, and could not have been litigated in the proceedings culminating in that judgment.

Defendant also argues that plaintiff's complaint is barred by the doctrine of *res judicata.* Defendant once again relies upon the judgment of March 5, 1982, which is applicable to parcels a and c. In *Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 251, our supreme court stated:

"The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.' (Emphasis added.) [Citation.] When *res judicata* is established 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. [Citations.]' [Citation.]"

See also *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 528-29, 337 N.E.2d 19, *cert. denied* (1976), 425

U.S. 936, 48 L. Ed 2d 177, 96 S. Ct. 1668; *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 153, 421 N.E.2d 278.) According to defendant, plaintiff's complaint is barred by the doctrine of *res judicata* because plaintiff "had the opportunity to raise any objections to the judgment for costs due and unpaid against the parcels prior to the entry of the prior judgment." We have already held, however, that plaintiff never had such an opportunity in the proceedings resulting in the judgment of March 5, 1982. Therefore, we conclude that plaintiff's complaint is not barred by the doctrine of *res judicata*.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and O'CONNOR, JJ., concur.